

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID LAMONT RANDLE,

               Plaintiff,

       -v-

THE HONORABLES KOLBERT, VALLONE, SCOTT
and RUSSELL,

              Defendants.

_____

**DECISION and ORDER**
08-CV-0578A(M)

## INTRODUCTION

Plaintiff David Lamont Randle has filed this *pro se* action seeking relief, as liberally construed by the Court, under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that Defendants, "The Honorables" Kolbert, Vallone, Scott and Russell[1], all of whom, except for Scott, this Court recognizes as local town justices and a city court judge, violated his civil rights by "profiling". . . thru [sic] Officers Shreck (could be a nick name)/Raniecki."[2] Plaintiff sets forth no facts in the Complaint, claims that the Form Complaint is difficult to understand, and asks the Court to put him in contact with attorneys who can assist him.

---

[1] Kolbert and Valione are Justices of the Town Court of Cheektowaga and Russell is a Judge of the City Court of Buffalo.  The Court notes that "Scott" is a United States Magistrate Judge for this Court but whether that is whom plaintiff intended to name as a defendant in this action is not known to the Court but is highly unlikely considering that the other judges sued are local town and city court jurists.  In any event, Magistrate Judge Scott would be entitled to absolute judicial immunity in the same manner as the other judges named in this action.

[2] Raniecki is a defendant in another action filed in this Court by Plaintiff, and in that case is alleged to be an officer with the Veterans Administration Medical Center who allegedly falsely arrested Plaintiff. *Randle v. VAMC Police Dept.*, 08-CV-0579A.

For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and is therefore granted permission to proceed *in forma pauperis.* However, 28 U.S.C. § 1915(e)(2)(B) provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The purpose of section 1915 is to "provide an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.' " Abbas, 480 F.3d at 639 (quoting Traguth v. Zuck, 710 F.2d 90, 95

(2d Cir.1983)).   Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Padus, — U.S. —, 127 S.Ct. 2197, 2200 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. —, —, 127 S.Ct. 1955, 1959 (2007)) (internal quotation marks and citation omitted); Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after Twombly).  Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  Abbas, 480 F.3d at 639 (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Based on its evaluation of the Complaint, the Court finds that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted. The Complaint fails to state a claim because all Defendants are Judges, who are all entitled to absolute immunity. Additionally, there is no basis to believe that an opportunity to amend would succeed in stating a claim given such absolute judicial immunity.

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities.  Mireles v. Waco, 502 U.S. 9, 112 S. Ct. 286, 116 L.Ed.2d 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in

> exercising the authority vested in him, shall be free to act upon
> his own convictions, without apprehension of personal
> consequences to himself."

Id., at 10, 287 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871)). Moreover, besides stating, there was "profiling," and a violation of Plaintiff's civil rights, the Complaint neither contains allegations identifying the nature of the claim nor evidence that Defendants acted outside the scope of their judicial responsibilities.[3] Allegations that the judge acted in bad faith or with malice do not pierce judicial immunity, Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967), even though "unfairness and injustice to a litigant may result on occasion," Mireles, 502 U.S. at 9, 112 S. Ct. at 286. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. Pierson, 386 U.S. at 547, 87 S.Ct. at 1213.

Accordingly, the Complaint must be dismissed with prejudice since this action is brought against Judges and contains no other facts to support any type of cognizable claim against the Judges or any other potential defendant.

---

[3]Paragraph 2C of the Form Complaint asks the Plaintiff to state the "Nature of Suit" and Plaintiff states: "See A & [sic] Revise Please, Hard to Understand." Paragraph 5, Statement of Claim, advises Plaintiff to "include a statement of the facts which [he] believe[s] support each of [his] claims. In other words, just tell the story of what happened and do not use legal jargon." Plaintiff's response was "Please assist (see Previous)." The Summary of Relief Sought states: "Help with correct [sic] lawyers to be in contact w[ith] Dr. Minza for I am severely disabled and the masses are not showing me peace." (Docket No. 1, Complaint.)

The Court cannot refer Plaintiff to specific attorneys to contact and because his Complaint is being dismissed there is no basis to appoint counsel. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997). If plaintiff wishes to speak with attorneys about his claims, whatever they may be, he can attempt to contact private counsel or such legal services agencies as: Volunteer Lawyers Project, Inc., 237 Main Street, Suite 1000, Buffalo, New York; Legal Aid Bureau of Buffalo, Inc., 237 Main Street, Suite 1602, Buffalo, New York 14203, and Neighborhood Legal Services, Inc., 237 Main Street, Suite 400, Buffalo, New York 14203. The Court makes no comment on whether those agencies can or will assist Plaintiff.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons discussed above, the Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the Complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:      _10 /28_, 2008
            Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge

5