UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID LAMONT RANDLE,

        Plaintiff,

        -v-

KOLBERT, et al.,

        Defendants.

**DECISION AND ORDER**
08-CV-0578A

---

1.    On October 30, 2008, the Court entered an Order dismissing this *pro se* action, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), on the basis of absolute judicial immunity. (Docket No. 3.) A separate judgment was not entered. See Fed.R.Civ.P. 58(a).

2.    On March 25, 2009, Plaintiff filed a letter, which the Court docketed as a Motion to Reopen. (Docket No. 4.) Because it was unclear as to the specific relief Plaintiff was seeking in the Motion — "In reply to the October filing[, *i.e.*, Order] that I received in February, I request to reopen, appeal or whatever the correct legal term is to grant my pro se action seeking relief from the defendants" — the Court issued an Order directing Plaintiff to file any papers in support of the Motion. Plaintiff then filed (presumably in response to the Order) a Motion requesting a "writ of [c]oram nobis to reopen time to appeal for I did not receive notice of the dismissal of document 08-CV-0578, having within [sic] 30 days to respond." (Docket No. 6.) The Motion also requests "the [C]ourt to indemnify former Clerk Rodney C. Early for his error in relief of an additional $10 million for the additional mental anguish, and under my assumption, purposely not sending the dismissal, being prejudice towards me due to my lack of knowing the law of this case."

(*Id.*) The Motion then outlines Plaintiff's claims against the Defendant judges sued herein and why he believes he is entitled to $30 million in damages. (*Id.*)

3. The Court hereby liberally construes the pending Motions (Docket Nos. 4 and 6), as both a Motion to Reopen this case, pursuant to Fed.R.Civ.P. 60(b), and for Reopening the Time to File a Notice of Appeal, pursuant to Fed.R.App.P. 4(a)(6). *See Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997) (*Pro se* petitions should be characterized according to the relief sought, and not to the label given to them by pro se prisoners unlearned in the law).

4. To the extent Plaintiff seeks relief against the former Clerk of the Court for what the Court presumes is an alleged failure to forward the Order dismissing this action,[1] entered October 30, 2008 (Docket No. 3), and for the Court to indemnify the Clerk for this alleged failure, it is DENIED. Plaintiff has not filed an action against the former Clerk of the Court and the former Clerk is not a Defendant in this matter. Accordingly, the Court has no jurisdiction over the former Clerk of the Court or this "claim" at this time.

5. Plaintiff's Motions to Reopen, to the extent they are construed as a Motion for Relief from Order or Judgment pursuant to Fed.R.Civ.P. 60(b), are DENIED as baseless. The Court found that the Defendants sued herein were all judges and were therefore entitled to absolute judicial immunity. *See Mireless v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The allegations set forth in Plaintiff's Motions (Docket Nos. 4 and 6) do not entitle him to relief from the Court's Order dismissing this action. *See*

---

[1] The Notice of Electronic Filing ("NEF") states that the Order was delivered "by other means"--*i.e.*, mailed--to Plaintiff at the address provided by him.

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("The Rule [60(b)] may not be used as a substitute for a timely appeal. . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.") (citations omitted).

6. Plaintiff's Motions, to the extent they seek to reopen his time to file an appeal, apparently on the ground that he did not receive a copy of the Order dismissing the action until February 2009, presumably when he inquired into the status of this matter, are GRANTED.

7. Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that:

**(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

**(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

**(B)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

**(C)** the court finds that no party would be prejudiced.

8. The time to file a notice of appeal is 30 days after entry of the judgment or order being appealed. Fed.R.App.P. 4(a)(1)(A). The Order dismissing this action, which Plaintiff seeks to appeal from, was entered on October 30, 2008, but while the Order dismissed the action and clearly indicated an intent to dispose of this action in a final manner, a separate judgment was not entered. Federal Rule of Civil Procedure 58(a) provides that "every judgment ... must be set out in a separate document" unless it is for an order disposing of a motion: (1) "for judgment under Rule 50; (2) to amend or make

additional findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend a the judgment under Rule 59; or (5) for relief under 60." Because the Order at issue is not one of the five "exceptions" to the requirement that a separate document be entered, a judgment was required to be entered but was not. In this situation, the Federal Rules of Civil and Appellate Procedure provide a "default" date for the date of entry of judgment. Fed.R.Civ.P. 58(c)(2)(B); and Fed.R.App.P. 4(a)(7)(A)(ii).[2] The default date is 150 days from "entry of the judgment *or* order in the civil docket ...." In other words, "if a separate judgment is not entered, it is deemed to have been entered 150 days after entry of the dispositive order, and the time to appeal would then start to run." *Mora v. United States*, No. 07-3060-CV, 2009 WL 909665, at *1 (2d Cir. April 1, 2005) (Summary Order).

9. The Order Plaintiff seeks to appeal from was entered on October 30, 2008. Applying the default date of entry of 150 days from entry of said Order, the judgment is deemed to have been entered on March 30, 2009. As cited above, Federal Rule of

---

[2]Fed.R.App.P. 4(a)(7)(A)(ii) provides in relevant part:

**(7) Entry Defined.**

**(A)** A judgment or order is entered for purposes of this Rule 4(a):

**(i)** if Federal Rule of Civil Procedure 58(a)(1) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); or

**(ii)** if Federal Rule of Civil Procedure 58(a)(1) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

\*\*\*

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

Appellate Procedure 4(a)(6) requires a party to file a motion to reopen the time to appeal within the *earlier* of (1) 180 days after the entry of judgment; or (2) seven days of actual receipt of notice. Because the judgment herein is not deemed to have been entered until March 30, 2009--*i.e.*, 150 days from entry of the Order disposing of this action — Plaintiff's Motion for a Writ of Coram Nobis to Reopen (Docket No. 6), which was filed on April 14, 2009, was filed well within this 180-day period. His initial Motion to Reopen, which was filed on March 25, 2009, was filed before the March 30, 2009 default entry date and was therefore "timely" filed also. As to the other two conditions of Rule 4(a)(6), the Court finds that: (1) Plaintiff did not receive notice of the Order under Fed.R.Civ.P. 77(d); and (2) no party would be prejudiced. Plaintiff claims that he did not receive the Order dismissing this action when it was entered and mailed to him, and the Court has no basis to question the veracity of this claim. Further, because none of the defendants were served in this action, the Court finds no prejudice at this time.[3] Accordingly, to the extent Plaintiff's Motions are construed as Motions to Reopen the Time to File a Notice of Appeal, they are GRANTED.

IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen (Docket No. 4) and Motion for a Writ of Error Coram Nobis to Reopen the Time to File an Appeal (Docket No. 6) are GRANTED, but only to the extent that they seek to reopen the time to file a notice of appeal. Both Motions are DENIED in all other respects. **Plaintiff must file his Notice of Appeal within 14 days after this Order is entered.** The Clerk of the Court is directed

---

[3] Arguably, because Plaintiff filed his "first" Motion Reopen (Docket No. 4) within 150 days of entry of the Order he seeks to appeal from, if the Court were to construe that Motion as a Notice of Appeal it would have been timely filed and there could be no prejudice to the Defendants.

to forward to Plaintiff with this Order a blank Notice of Appeal Form and the Court's "Instructions" for filing a notice of appeal.[4]

SO ORDERED.

Dated: June 2, 2009
Buffalo, New York

/s/ WILLIAM M. SKRETNY
United States District Judge

---

[4] To the extent said Instructions inform a party that it has 30 days to file a notice of appeal from entry of judgment or order, Plaintiff is reminded that the has only **14 days** from entry of this Order to file a notice of appeal. See Fed.R.App.P. 4(a)(6).